UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ARKANSAS REFRIGERATED
SERVICES, INC. d/b/a ARS SOLUTIONS                                          PLAINTIFF

No. 2:22-CV-02027

COLUMBIA MUTUAL INSURANCE COMPANY                                 DEFENDANT

**OPINION AND ORDER**

Before the Court is the Defendant's unopposed motion for protective order (Doc. 31) and proposed protective order (Doc. 31-1). The parties seek protection of trade secrets, confidential business and commercial information relating to proprietary information, business plans, pricing, information relating to personnel records, and other sensitive information. The parties also request a "Highly Confidential-Attorneys & Experts Only" designation for information that the producing party does not want divulged to the parties of the lawsuit and any anticipated witnesses. (Doc. 31-1, p. 3). For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264–65)).

1

The parties have shown good cause for the entry of a protective order as to documents containing confidential or proprietary information. Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will impair neither prosecution nor the defense of the claims because the parties agreed to the proposed protective order. The Court finds, subject to the next paragraph, that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information as listed in paragraph one of the proposed protective order.

However, the parties' proposed protective order also states, without any further elaboration, that "Confidential Information includes, but is not limited to," the categories listed in paragraph one of the proposed order. (Doc. 31-1, p. 1). This unconditional language is vague and fails to adequately identify what items may be subject to the proposed protective order. The "but is not limited to" language expands the universe of potentially confidential documents to include literally any conceivable document. Therefore the proposed language of "but is not limited to" will not be included in the protective order entered by the Court in this matter.

The proposed protective order also includes "information relating to personnel matters." (Doc. 31-1, p. 1). Courts routinely protect employee personnel files. *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty.*

*Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination"). The Court finds that good cause has been shown for entry of a protective order regarding documents containing personal information.

The Court will separately enter a revised protective order which includes the aforementioned amendment, and permits retention of documents when required by law, regulation, court order, or other professional obligation.

IT IS SO ORDERED this 31st day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE